■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN H. [ANONYMOUS], Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 9, 1968, adjudging him a youthful offender, upon his plea of guilty, and imposing sentence. Case remitted to the Criminal Term for a further hearing and proceedings not inconsistent herewith. The appeal will be held in abeyance pending the outcome of the hearing. In our opinion, the failure of the Criminal Term to make further inquiry of defendant, with respect to his participation in the alleged act, otherwise criminal, and his reasons for pleading guilty, was error (*People* v. *Serrano*, 15 N Y 2d 304). Such further inquiry was necessitated because of defendant's wholly exculpatory statement to the court (cf. *Matter of Diane S.*, 18 N Y 2d 973, 974). Although we would ordinarily reverse a judgment based upon such a defective plea (see, e.g., *People* v. *Henriquez*, 29 A D 2d 984), we feel that, under the peculiar circumstances of this case, the interests of justice are best served by remitting the case to that point in the proceedings where the error occurred and have the case continue, anew, from there. We have examined defendant's other contentions and find them to be without merit. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BAITTY HERRING and JOHNNIE JAMES HERRING, Appellants.— Appeal from a judgment of the County Court, County of Orange, rendered November 4, 1968, convicting each appellant of robbery in the second degree, upon a guilty plea, and sentencing each of them to an indeterminate prison term of four to six years. Judgment affirmed as to appellant Johnnie James Herring. As to appellant Henry Baitty Herring, judgment modified, on the law and the facts, by reducing the sentence to two to six years; and, as so modified, judgment affirmed as to him. The sentence as to appellant Henry Baitty Herring was excessive to the extent indicated herein. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE HOLLOWAY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 30, 1966, convicting him of robbery in the first degree (two counts), assault in the first degree, assault in the second degree (four counts), possession of weapons as a felony, grand larceny in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Case remitted to the trial court for a hearing as to whether the in-court identification testimony of the complaining witnesses was tainted by any improper showup; and, in the interim, the appeal will be held in abeyance. (See *People* v. *Whitmore*, 30 A D 2d 877; *People* v. *Hill*, 22 N Y 2d 686, 688.) Christ, Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: The principal issue on this appeal is whether the pretrial identification of defendant was so unfair as to be violative of due process. The record discloses that the two victims of the crimes had ample opportunity to observe defendant under good lighting conditions during the commission of the crimes. Thereafter, one of the eyewitnesses identified defendant in the hospital where the witness was recovering from a gunshot wound allegedly inflicted by defendant. In my opinion, there was here "no such uncertainty of identification or lack of physical visual opportunity to see and to remember, as to render the hospital identification 'grossly and unnecessarily suggestive'" (*People* v. *Rivera*, 22 N Y 2d, 453, 455). Moreover, I can find no basis in the record to support the conclusion that the in-court identification may have been tainted by the circumstances of the earlier pretrial identification (cf. *People* v. *Hanley*, 32 A D 2d 1039).